## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE A. LOERA,

        Plaintiff,

v.                              No. 15cv727 JAP/KK

COURTYARD BY MARRIOTT,

        Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
### DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 19, 2015 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 19, 2015 ("Complaint").   For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** the Complaint **without prejudice**.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).   "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).   "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."   *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.   Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information in his Application is true.   Plaintiff states that: (i) his monthly income is $1,300.00; (ii) his monthly expenses are $1,980.00; and (iii) he has no cash and no money in bank accounts. The Court finds that Plaintiff is unable to pay the filing fee because his monthly expenses exceed his monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."   *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Complaint is a form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff states:

> The reason why I am filing this [suit] is because of the discrimination and sexual harassment made to me while I was working in Marriot. The representatives at Courtyard by Marriott say that I sent nude pictures of me to a woman that works there when I am gay. Which is the reason I was fired, but I have videos where the general manager clearly states why he fired me. He said in the video that he fired me because I would not show up to work often.

Complaint at 2. Plaintiff also alleges that a supervisor told a new employee that Plaintiff was gay. *See* Complaint at 3.

The Court will dismiss the Complaint without prejudice because Plaintiff fails to state a claim. Plaintiff is suing Defendant pursuant to 42 U.S.C. § 1983. Section 1983 only authorizes suits against persons acting under color of state law. See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any

rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). There are no allegations that Defendant was acting under color of state law. Furthermore, the allegations in the Complaint are vague, do not state with particularity what Defendant did to Plaintiff, when Defendant committed these alleged unspecified actions, or how those actions harmed Plaintiff, and do not indicate whether Plaintiff exhausted administrative remedies. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim. Plaintiff's amended complaint shall include the addresses of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without

4

Prepaying Fees or Costs, Doc. 2, filed August 19, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 19, 2015, is **DISMISSED without prejudice.**   Plaintiff may file an amended complaint by September 21, 2015.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**