# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSE A. LOERA,

      Plaintiff,

v.                                                      No. 15cv727 JAP/KK

COURTYARD BY MARRIOTT,
JAIME PONCE, and CHRIS VAN ZELE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 6, filed September 21, 2015 ("Amended Complaint"). For the reasons stated below, the Court will **DISMISS** the claims against Defendant Chris Van Zele **without prejudice**.

Because Plaintiff is proceeding *in forma pauperis*, the Court reviewed his Complaint pursuant to the statute governing proceedings *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) (federal courts shall dismiss the case at any time if the court determines that the action "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief."). The Court dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint.

Plaintiff's Amended Complaint adds two defendants, Jaime Ponce and Chris Van Zele, alleges that Defendant Ponce "constantly bothered Plaintiff with almost daily sexual harassment," and gives specific examples of the harassment. Plaintiff also alleges that "the Defendants" have ignored Plaintiff's complaints of discrimination and harassment, violated his constitutional rights due to sexual preference, and accused Plaintiff of failing to follow work regulations. Plaintiff

further alleges that Defendant Marriott "created lies" regarding Plaintiff's work performance and that Plaintiff was fired after filing a complaint with EEOC and because Defendant Marriott did not take into account medical information submitted by Plaintiff.  None of the factual allegations expressly refer to Defendant Van Zele.

The Court will dismiss the claims against Defendant Van Zele without prejudice for failure to state a claim.  While the Amended Complaint may state a claim of sexual harassment/hostile work environment under Title VII with regard to Defendant Ponce, there are no factual allegations that state Defendant Van Zele subjected Plaintiff to sexual harassment.  *See Windsor v. Hinckley Dodge, Inc.*, 79 F.3d 996, 1000 (10th Cir. 1996) ("A hostile work environment exists when a plaintiff is subjected to sexual harassment sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment").  Plaintiff may amend his Amended Complaint pursuant to Fed. R. Civ. P. 15 to assert a valid claim against Chris Van Zele, provided Plaintiff complies with Fed. R. Civ. P. 11.

The Court will not, at this time, dismiss the claims against Defendant Courtyard by Marriott.  Liberally construing the allegations in the Amended Complaint, and any reasonable inferences that might be drawn from them, in the light most favorable to the *pro se* plaintiff, it appears that the Amended Complaint may state a claim against Defendant Courtyard by Marriott.  Plaintiff alleges that Defendant Ponce was a supervisor who "constantly bothered Plaintiff with almost daily sexual harassment," that Defendants ignored his complaints about sexual harassment, and that Plaintiff was fired after he filed a complaint with the EEOC.  Amended Complaint at 5-6. *See Kramer v. Wasatch County Sheriff's Office*, 743, 737 (10th Cir. 2014) (employer is directly liable for an employee's unlawful harassment if the employer was negligent with respect to the

offensive behavior; employer may be vicariously liable for the conduct if the harasser is a supervisor, depending on the circumstances, or if the harassment was severe or pervasive; employer may be strictly liable if the supervisor's harassment culminates in a tangible employment action).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court cannot serve process because Plaintiff has not provided the addresses of Defendant Courtyard by Marriott and Defendant Ponce. The Court will order service if Plaintiff files a motion for service of process which provides the Court with Defendants' addresses.

**IT IS ORDERED THAT** Plaintiff's claims against Defendant Chris Van Zele are **DISMISSED without prejudice.** Plaintiff may file an amended complaint pursuant to Fed. R. Civ. P. 15 alleging a valid claim against Chris Van Zele, provided Plaintiff complies with Fed. R. Civ. P. 11.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**